Curia, per

Butler, J.
In sustaining the decision below, I do not think it necessary to refer to all the authorities relied on in argument, for the support of this motion. I do not controvert the general doctrine, that, when goods are delivered to a common carrier, whether to a master of a vessel or a wagoner, on account, or at the instance of a consignee or vendee, the property shall, prima facie, be deemed to be vested in the consignee; subject to the right of stoppage in tran-situ, in case of insolvency. In such cases, the carrier ought to be considered as the agent of the consignee, and a delivery to the former, as equivalent to a delivery to the latter. The general principle is so, and is recognized in 8 T. R. 330, and 3 Bos. and Pul. 558. But the consignment is always subject to be controuled and explained according to the original intention of the parties, (1 T. R. 480.) Where it appears that the goods were delivered at the risk of the vendor, he must bear the loss, if any ensue; and, in general, where he pays the freight, and voluntarily takes on himself the selection of the carrier' and mode of conveyance, he must stand to the risk. Where the mode of conveyance is indicated by the vendee, and he is to pay the freight, the converse of the proposition is true, and he will be regarded as having had a con *176 structive delivery made to him from the time the goods are put into the custody of the master, or carrier.
In the case of Vale vs. Bayle, (1 Cowp. R. 295,) Lord Mansfield lays down this proposition : “ If the vendor take upon himself actually to deliver the goods to the vendee, he stands to the risk ; but, if the vendee orders a particular mode of conveyance, the vendor is excused.” The case of Davis vs. James, (2 Burr. 2680,) was this: the plaintiffs, manufacturers of cloth at Shipton Mallet, delivered some cloth to the defendant, a common carrier, to be delivered to one Elizabeth Bowman, at White Chappel, and paid the defendant for the freight. The cloth was lost, and the plaintiffs brought their action. It was objected to the action, that the property had vested in the vendee or consignee. Lord Mansfield remarked, that the vesting of property delivered to a carrier, may differ according to circumstances of cases; but it did not enter into the present case. •This was an action upon the agreement between the plaintiffs and the carrier : the plaintiffs were to pay him. Therefore, the action was properly brought by the persons who agreed with him, and were to pay him. And what is the real character of the case now before the court ? The customer had-not bought a coat ready made, which was to be delivered to him by a particular mode indicated by himself : but had ordered a coat to be made, which he might or might not receive, and which he might have returned to the plaintiffs at their risk, if it did not fit him, or suit his taste. The plaintiffs, themselves, toere to make the coat, and suggested the mere mode of conveyance which they intended to adopt to g'et it to their customer; and when the coat was made, they delivered it to the defendant, the owner of a coach, and paid him the freight. From the nature of the thing to be sent, from the fact of paying the defendant for carrying it, and their indicating the manner of its conveyance, it is evident the plaintiffs undertook to stand by all the risks of actual delivery to their customer. Their conduct is *177 a practical commentary on tbeir understanding of the coil-tract. The customer has no interest in the matter, and I do not see why the defendant should object to the plaintiffs’ action, as it is evident he is liable to some one. The judgment in this case will be a satisfaction of the demand against him; This view of the case is well authenticated by Lord Kenyon’s judgment in Dawes vs. Peck, in which he alludes to, and speaks in terms of approbation of the case of Davis vs. James.
Motion dismissed;
Gantt, Evans, and Earle, JJ. concurring;